Alexander E. OPORTO and Alma
C. Oporto, Petitioners,

v.

Alberto GONZALES, Attorney General;
Secretary of Department of Homeland
Security; Director of U.S. Immigra-
tion Custom Enforcement, Respon-
dents.

No. 06–1674–ag.

United States Court of Appeals,
Second Circuit.

July 3, 2007.

Jose L. DelCastillo, DelCastillo & Associates, LLC, Hartford, CT, for Petitioners.

Daniel G. Bogden, United States Attorney, District of Nevada, Robert L. Ellman, Appellate Chief, Brian J. Quarles, Assistant United States Attorney, Las Vegas, NV, for Respondents.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Alexander E. Oporto and Alma C. Oporto, citizens of El Salvador, seek review of two March 21, 2006 orders of the BIA affirming the September 30, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying their motion to reconsider the denial of their motion to reopen their immigration proceedings. *In re Alexander Oporto*, No. A76 003 016 (B.I.A. Mar. 21, 2006), *In re Alma Oporto*, No. A76 003 017 (B.I.A. Mar. 21, 2006), *aff'g* Nos. A76 003 016, A76 003 017 (Immig. Ct. Hartford Sept. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the agency's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34.

A petitioner who was ordered removed *in absentia* may seek to rescind an order by filing a motion to reopen within 180 days of the removal order if they demonstrate that their failure to appear was due to exceptional circumstances beyond their control. 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1). We have held that ineffective assistance of counsel may constitute exceptional circumstances that warrant equitable tolling where the ineffective assistance "impinged upon the fundamental fairness of a hearing in violation of the fifth amendment due process clause." *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000) (citing *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994)). We have also held that equitable tolling is permitted only if the party has exercised due diligence throughout the period it seeks to have tolled. *Id.* at 134. In cases where fraud or concealment prevents a party from timely filing, equitable tolling is permitted until the fraud or concealment is, or should have been, discovered by a reasonable person in the situation. *Id.*

The Oportos argue that the time for filing their motion should be tolled in light of their attorney's ineffective assistance. The IJ, however, properly determined that the Oportos failed to exercise due diligence in filing their motion to reopen once they became aware of their prior counsel's ineffective representation. According to the Oportos' own admissions, they were notified by an IJ to attend the February 2000 hearing after being reprimanded for missing a prior hearing. Nevertheless, on the advice of a notary republic, they did not attend the February 2000 hearing. In January 2000, when they could not reach their prior counsel, they obtained new representation. The Oportos fail to explain why they did not notify their new counsel of the February 2000 hearing and the fact that they were previously reprimanded for missing a scheduled hearing. Not only did the Oportos fail to exercise due diligence after becoming aware of their prior counsel's ineffective assistance, they waited to inquire into the status of their removal proceedings until 2004. A motion to reopen the Oportos' case was not filed until August 11, 2005, over five years after the alleged ineffective counsel. Mindful of the deferential standard of review applicable here, and the fact that the Oportos bore the burden to show that they exercised due diligence, the IJ did not abuse his discretion in denying their motion to reopen. *See Iavorski*, 232 F.3d at 135.

In addition, the BIA did not abuse its discretion in affirming the denial of the Oportos' motion to reconsider since they merely reiterated the arguments made in their motion to reopen that were previously rejected. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).